IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMEN RODRIGUEZ-CARDI**<br><br>Plaintiffs,<br><br>v.<br><br>**MMM HOLDINGS, INC.; JOHN DOE AND RICHARD DOE**<br><br>Defendants. | CIVIL NO.<br><br>Trial by Jury Demanded<br><br>Re: AGE DISCRIMINATION IN EMPLOYMENT; RETALIATION; DAMAGES<br>TRIAL BY JURY DEMANDED |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

TO THE HONORABLE COURT:

Come now the Plaintiff, Carmen Rodriguez-Cardi, represented by her undersigned counselors and very respectfully allege and pray as follows:

1. This Court has federal jurisdiction based upon the "Age Discrimination in Employment Act" (ADEA), 29 USC 621, et seq., as amended, and under 28 USC 1331 and 1337 in that the matter in controversy arises under an Act of Congress regulating commerce and relating to age discrimination and it exceeds the sum and value of $75,000.00. Also, jurisdiction arises under 28 USC 2201 and 2202.

2. Also, the Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts is hereby invoked. The local law claims in this action are based upon: Law No. 100 of June 30, 1959, as amended, Laws of Puerto Rico Anno. 146, et seq., (Law 100); Puerto Rico Unjust Dismissal Act, Law No. 80 of May 30, 1976, as amended, 29 Laws of PR Anno. 185(e). (Law 80); Articles 1802 and 1803 of the Puerto Rico Civil Code.

3. The necessary procedural and administrative requirements to bring this action have

been satisfied.

    4. The proper venue is in this Court.

    5. Plaintiff is of legal age and is a US Citizen with residence in Puerto Rico.

    6. Ms. Rodriguez is an individual covered and protected by the federal and local legislation invoked in this action.

    7. Defendant, MMM Holdings, Inc., ("Defendant"; "Employer"), was at all relevant times Ms. Rodriguez' employer as defined by the federal and local laws invoked in this action. John Doe and Richard Doe are hereby joined as unknown party defendants, including but not limited, to insurance companies that have issued insurance policies covering this action.

    8. Ms. Rodriguez worked for the employer since October 16th, 2012, until April 16th, 2014. She worked at several positions with the employer. Her last position was Sales Representative.

    9. Ms. Rodriguez' performance in her job was outstanding. Her history of good performance reviews and salary increases are indicative that there was neither just cause or any business related reason to terminate her employment. This history coupled with the circumstances surrounding Mrs. Rodriguez' termination establishes that she was terminated due to her age and in retaliation for participating in protected activities.

    10. Ms. Rodriguez was illegally terminated on April 16th, 2014. She was 48 years old at the time of the termination. She was the oldest person in her department. Her coworkers, including her supervisor Roberto Rodriguez, were at least 15 to 20 years younger than her. She was terminated due to her age in direct violation of the ADEA and Puerto Rico Discrimination Law. Ms. Rodriguez was a subject of jokes related to her age. For example, jokes about her old fashion hairstyle and clothing, about her old fashion cellphone and old car. She was the only

person not invited to different activities where other younger coworkers participated. Her supervisor was present when these events took place and did nothing to prevent them. Her complaints were ignored.

11.   She specifically complained to her supervisor Roberto Rodriguez but no avail. Said complaint is protected activity under ADEA. Soon thereafter, she suffered adverse employment action, included: that some of the doctors included on her list for visitation were removed causing her financial trouble; she started to be supervised in a more intense fashion and she started to be assigned the worst cases affecting her performance. Finally she was terminated, the ultimate adverse employment action. All of these adverse employment actions have a chilling effect on employee's affirmative action of participating in a grievance procedure and/or opposing illegal conduct under the ADEA.

12. The close temporal proximity between the complaint and her adverse employment action constitutes a causal link between the protected activity and her termination.

13. Ms. Rodriguez' tasks were taken over by Mrs. Gretchen Escalona of around 25 years of age. Mrs. Escalona is not within the ADEA'S age protected group. She is substantially younger than Ms. Rodriguez. This replacement is indicative of age discrimination, more so, when the age differential is almost 23 years.

14. The employer's conduct was willful and in reckless disregard of Ms. Rodriguez' federally and locally protected rights.   Thus, liquidated and/or punitive damages are hereby requested.

15. Ms. Rodriguez suffered past, present, and future damages, including economic

Damages (in the form of loss of income and benefits), forfeiture of accrued benefits, and compensatory damages such as mental suffering and anguishes with manifestation of, among others of bodily injury, sickness or disease as a result of Defendant conduct.

16. Plaintiff demand trial by jury in all causes of action.

Wherefore plaintiffs demand the following:

A. To enter declaratoy judgment stating that the acts complained herein are in violation of ADEA, , Puerto Rico Law 80, and 100 and Articles 1802 and 1803 of the Puerto Rico Civil Code.

B. That plaintiff be compensated for all her economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $1,000,000.00.

C. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D. That all sums adjudicated be effectively double as mandated by local law.

E. That plaintiff be payed her statutory severance pay as per Law 80.

F. That attorney's fees and expert fees are awarded.

G. That pre-judgment and post-judgment interests be imposed.

H. That all cost of litigation expenses be awarded.

I. That Ms. Rodriguez be reinstated to her position under conditions were her rights are not violated, and restitution of loss benefits.  If reinstatement is not practicable, then that Ms. Rodriguez be awarded front pay.

J. That back and front pay be awarded.

K. That all benefits be compensated.

L. That injunctive relief be ordered.

M. That plaintiff be granted such other further relief as it may be deem

appropriated and proper, including an order directing defendant to cease following a practice adverse to ADEA protected individuals.

In San Juan, Puerto Rico, this November 25th, 2014.

RESPECTFULLY SUBMITTED.

    S/ Enrique J. Mendoza Mendez
       Enrique J. Mendoza Mendez
       USDC-PR 202804

       *MENDOZA LAW OFFICES*
       P.O. Box 9282
       San Juan, P.R. 00908-0282
       Tel. (787) 722-5522; 722-5530; 722-5540
       Fax. (787) 723-7057

 S/Juan R. Dávila Díaz
  Juan R. Dávila Díaz
  USDC-PR 224209

  134 Mayagüez
  Hato Rey, PR 00917
  Tel. (787)525-7417
  Fax. (787)763-9595
 E-Mail: davilajuanr@yahoo.com